ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

REBECCA A. PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:    Rebecca.Perlmutter@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL - 3 2019

at____o'clock and____min.___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 18-00101 HG |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) DATE: July 3, 2019 |
| NEIL KAUHI, | ) TIME: 2:30 p.m. |
| | ) JUDGE: Hon. Helen Gillmor |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, NEIL KAUHI, and his attorney, Richard

Gronna, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in the

Superseding Indictment with violating Title 18, United States Code, Sections 1341,

1343, 1512(b)(3), and 1957.

2.      The defendant has read the charges against him contained in the

Superseding Indictment, and those charges have been fully explained to him by his

attorney.

3.      The defendant fully understands the nature and elements of the crimes

with which he has been charged.

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Count 16 of the

Superseding Indictment, which charges him with knowingly devising and

intending to devise a wire fraud scheme and artifice to defraud, and to obtain

money by means of materially false and fraudulent pretenses, representations,

promises, and omissions of material facts, from at least in or around October 2012

through in or around April 2018, by knowingly transmitting by means of wire

communication a text message on or about December 21, 2016, to S.T., which

2

contained a photograph of an unsigned promissory note for S.T.'s $100,000.00

investment into a solar company.    In return, the United States Attorney's Office

for the District of Hawaii agrees: (1) to move to dismiss Counts 1 through 15 and

17 through 25 of the Superseding Indictment as to the defendant after sentencing;

(2) not to file charges against the defendant related to the wire fraud scheme

described in the Superseding Indictment and resolved by guilty plea in this

Agreement, based on information now known to the government; and (3) not to

file charges against S.K. for conduct arising from the wire fraud scheme described

in the Superseding Indictment and resolved by guilty plea in this Agreement, based

on information now known to the government.

5.    The defendant agrees that this Memorandum of Plea Agreement shall

be filed and become part of the record in this case.

6.    The defendant enters this plea because he is in fact guilty of

knowingly devising and intending to devise a wire fraud scheme and artifice to

defraud, and to obtain money by means of materially false and fraudulent

pretenses, representations, promises, and omissions of material facts, from at least

in or around October 2012 through in or around April 2018, by knowingly

transmitting by means of wire communication a text message on or about

December 21, 2016, to S.T., which contained a photograph of an unsigned

3

promissory note for S.T.'s $100,000.00 investment into a solar company as charged

in Count 16 of the Superseding Indictment, and he agrees that this plea is voluntary

and not the result of force or threats.

## **PENALTIES**

7.      The defendant understands that the penalties for the offense to which

he is pleading guilty include:

a.      A term of imprisonment up to 20 years and a fine up to

$250,000.00 or not more than two times the gross gain or loss from the offense,

plus a term of supervised release up to 3 years.

b.      In addition, the Court must impose a $100.00 special

assessment as to each count to which the defendant is pleading guilty.   The

defendant agrees to pay $100.00 for each count to which he is pleading guilty to

the District Court's Clerk's Office, to be credited to said special assessments,

before the commencement of any portion of sentencing.   The defendant

acknowledges that failure to make such full advance payment in a form and

manner acceptable to the prosecution will allow, though not require, the

prosecution to withdraw from this Agreement at its option.

c.      **Forfeiture.**   Pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C.

§ 2461, forfeiture of any property, real or personal, which constitutes or is derived

4

from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

      d.   **Restitution.**  The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses.   The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.   The defendant agrees to pay restitution for all losses caused by the defendant's conduct, regardless of whether the counts of the Superseding Indictment associated with such losses will be dismissed as part of this Agreement. *See* 18 U.S.C. § 3663(a).

## FACTUAL STIPULATIONS

    8.   The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

      a.   From at least in or around October 2012 through in or around April 2018, the defendant, NEIL KAUHI, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions

of material facts, knowing that they were false when made.    The defendant made these materially false representations to more than 20 investors involving purported investments in precious metals, real estate, a trucking company, and a solar energy company.    Based the defendant's false representations, during this time period, investors provided the defendant with more than $2.5 million in checks, cash, bank deposits, and wire transfer funds for investments.

b.        The defendant falsely told investors that he was personally wealthy through his business success, when in fact, he and his family had been living off of investors' funds and he had not had a job or other source of personal income to support him and his family during the time of the wire fraud scheme. The defendant also falsely told investors that he owned real estate and real property when he knew that he did not.    Further, the defendant falsely told certain investors that he had personally invested his own funds in certain investments when he knew that he did not.

c.        To acquire investor funds, among other things, the defendant created promissory notes with false and fraudulent promises, and convinced several investors to transfer funds into self-directed IRAs and to take out home equity lines of credit.

6

d.      Rather than use all the investor funds for the investments that the defendant had promised, the defendant instead spent the bulk of the investor funds on personal expenses (including, for travel, rent and utilities, restaurants, personal vehicles, retail purchases, entertainment, a daughter's wedding, among other things), returning funds to other investors, and other unauthorized uses that investors did not know about or approve.

e.      Specifically, with respect to Count 16, on or about December 21, 2016, the defendant used a wire communication transmitted in interstate commerce to execute the wire fraud scheme.   The defendant sent a text message from his phone to S.T. to induce S.T. to invest $100,000.00 into a solar energy company.   The defendant's text message contained a photograph of an unsigned promissory note created by the defendant for S.T.'s $100,000.00 investment into a solar energy company.   The defendant did not spend all of S.T.'s funds on the solar company investment promised to S.T.

9.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.    The parties stipulate that the loss amount associated with the wire fraud scheme is greater than $1.5 million and less than $3.5 million pursuant to Guidelines Section 2B1.1(b)(1)(I) for a 16 point offense level enhancement.

b.    As of the date of this Agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

c.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for

8

trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this Agreement there are no material facts in dispute.

## **APPEAL/COLLATERAL REVIEW**

13.     The defendant is aware that he has the right to appeal his conviction

and the sentence imposed.   The defendant knowingly and voluntarily waives the

right to appeal, except as indicated in subparagraph "b" below, his conviction and

any sentence within the Guidelines range as determined by the Court at the time of

sentencing, and any lawful restitution order imposed, or the manner in which the

sentence or restitution order was determined, on any ground whatsoever, in

exchange for the concessions made by the prosecution in this Agreement.   The

defendant understands that this waiver includes the right to assert any and all

legally waivable claims.

a.     The defendant also waives the right to challenge his conviction

or sentence or the manner in which it was determined in any collateral attack,

including, but not limited to, a motion brought under Title 28, United States Code,

Section 2255, except that the defendant may make such a challenge (1) as

indicated in subparagraph "b" below, or (2) based on a claim of ineffective

assistance of counsel.

b.     If the Court imposes a sentence greater than specified in the

guideline range determined by the Court to be applicable to the defendant, the

defendant retains the right to appeal the portion of his sentence greater than

specified in that guideline range and the manner in which that portion was

determined and to challenge that portion of his sentence in a collateral attack.

      c.     The prosecution retains its right to appeal the sentence and the

manner in which it was determined on any of the grounds stated in Title 18, United

States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

    14.    In connection with the collection of restitution or other financial

obligations, including forfeiture as set forth below, that may be imposed upon him,

the defendant agrees as follows:

      a.     The defendant agrees to fully disclose all assets in which he has

any interest or over which he exercises control, directly or indirectly, including any

assets held by a spouse, nominee, or third party.  The defendant understands that

the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial

statement.  To avoid the requirement of the defendant completing financial

statements for both the USPO and the government, the defendant agrees to

truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office.  The defendant agrees to complete the disclosure

statement and provide it to the USPO within the time frame required by the United

States Probation officer assigned to the defendant's case.   The defendant

understands that the USPO will in turn provide a copy of the completed financial

statement to the United States Attorney's Office.   The defendant agrees to provide

written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing,

within seven days of the event giving rise to the changed circumstances.   The

defendant's failure to timely and accurately complete and sign the financial

statement, and any written update thereto, may, in addition to any other penalty or

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §

3E1.1.

   b. The defendant expressly authorizes the United States

Attorney's Office to obtain his credit report.   The defendant agrees to provide

waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing.   The defendant also

authorizes the United States Attorney's Office to inspect and copy all financial

documents and information held by the USPO.

   c. Prior to sentencing, the defendant agrees to notify the Financial

Litigation Unit of the U.S. Attorney's Office before making any transfer of an

12

interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **FORFEITURE**

15.    As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461, the defendant agrees as follows:

a.    (1) The defendant consents to the entry of a forfeiture money judgment in the amount of $2,981,191.64 in United States currency (the "Forfeiture Money Judgment") and (2) the defendant will forfeit all of his right, title, and interest in the following property (the "Specific Property"):

i.    $546,730.88 in funds seized on or about December 12, 2017 from escrow account #57371 held in the name of Neil K. Kauhi at Metro National Title in connection with the sale of real property described as 3931 Aspen Camp Loop, Park City, Utah;

ii.    $17,299.98 in funds seized on or about April 11, 2018 from escrow account #21018110428 in the name of Neil K. Kauhi at Title Guaranty Escrow Services, Inc., in connection with the sale of real property described as unit #106, 1700 Makiki Street, Honolulu, Hawaii;

13

       iii.     $17,587.65 in funds seized on or about April 11, 2018

from escrow account #21018110428 in the name of Neil K. Kauhi at Title

Guaranty Escrow Services, Inc., in connection with the sale of real property

described as unit #109, 1700 Makiki Street, Honolulu, Hawaii.

       b.     The defendant acknowledges that the Forfeiture Money

Judgment and the Specific Property are subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(C) & 28 U.S.C. § 2461 as property, real or personal, which constitutes

or is derived from proceeds traceable to a violation of a specified unlawful activity

within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such

offense.

       c.     The defendant knowingly and voluntarily waives and agrees to

waive any and all constitutional, statutory, and other challenges to the forfeiture on

any and all grounds, including that the forfeiture constitutes an excessive fine or

punishment under the Eighth Amendment.   The defendant waives all

constitutional, legal, and equitable defenses to the entry of and collection of the

Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives

any right to a jury trial on the forfeiture of property.

       d.     The defendant agrees to consent promptly upon request to the

entry of any orders deemed necessary by the government or the Court to complete

the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property and the Forfeiture Money Judgment becoming final as to the defendant when entered.

      e.     The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding.   The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

f.      Any forfeited money and the net proceeds from the sale of the

Specific Property will be applied to the Money Judgment in partial satisfaction

thereof.   The defendant understands, however, that the forfeiture of the forfeitable

property does not constitute and will not be treated as satisfaction, in whole or in

part, of any fine, restitution, reimbursement of cost of imprisonment, or any other

monetary penalty this Court may impose upon the defendant in addition to the

forfeiture.

g.      Payment of the Forfeiture Money Judgment shall be made by

certified or bank check payable to the United States Marshals Service.   On or

before the date he enters his plea of guilty pursuant to this Agreement, the

defendant shall cause said check to be hand-delivered to the Asset Forfeiture Unit,

United States Attorney's Office, District of Hawaii, PJKK Federal Building, 300

Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850, with the criminal

docket number noted on the face of the check.

h.      If the Forfeiture Money Judgment is not paid on or before the

date the defendant enters his plea of guilty pursuant to this Agreement, interest

shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on

any unpaid portion thereof at the judgment rate of interest from that date.

Furthermore, if the defendant fails to pay any portion of the Forfeiture Money

16

Judgment on or before the date of his guilty plea, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Superseding Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

16.     The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

17

## **WAIVER OF TRIAL RIGHTS**

18.     The defendant understands that by pleading guilty he surrenders

certain rights, including the following:

a.      If the defendant persisted in a plea of not guilty to the charges

against him, then he would have the right to a public and speedy trial.   The trial

could be either a jury trial or a trial by a judge sitting without a jury.   The

defendant has a right to a jury trial.   However, in order that the trial be conducted

by the judge sitting without a jury, the defendant, the prosecution, and the judge all

must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve

laypersons selected at random.   The defendant and his attorney would have a say

in who the jurors would be by removing prospective jurors for cause where actual

bias or other disqualification is shown, or without cause by exercising peremptory

challenges.   The jury would have to agree unanimously before it could return a

verdict of either guilty or not guilty.   The jury would be instructed that the

defendant is presumed innocent, and that it could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

18

c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19.     The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

**USE OF PLEA STATEMENTS**

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

19

a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22.    The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this

20

Agreement, to induce the defendant to plead guilty.   Apart from any written

proffer agreements, if applicable, this Agreement supersedes all prior promises,

agreements or conditions between the parties.

23.    To become effective, this Agreement must be signed by all signatories

listed below.

24.    Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

DATED:   Honolulu, Hawaii, June 30, 2019.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii


_____
MICAH SMITH
Deputy Chief, Criminal Division


_____
REBECCA A. PERLMUTTER
Assistant U.S. Attorney


_____
RICHARD GRONNA
Attorney for Defendant


_____
NEIL KAUHI
Defendant


21